# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIE LEE BURRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-07-938-HE |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Willie Lee Burris, a state prisoner appearing *pro se*, instituted this action under 28 U.S.C. § 2254 seeking habeas relief. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell, who has recommended that the petition be denied.

The petitioner was convicted by a jury of possessing a firearm after conviction or during probation, after former convictions of two or more felonies. He was sentenced to a thirty year term of imprisonment. The conviction and sentence were affirmed on appeal by the Oklahoma Court of Criminal Appeals ("OCCA").

The petitioner asserted the same four grounds for relief in his federal habeas petition that he raised on direct appeal. The magistrate judge rejected the petitioner's claims finding, initially, that he had not shown that the OCCA's resolution of his ineffective assistance of counsel claim was contrary to or an unreasonable application of the applicable Strickland standard.[1] He concluded that the challenged actions of

---

[1] *Strickland v. Washington,* 466 U.S. 668 (1984).

petitioner's counsel did not fall below an objective standard of reasonableness or, even if they did, that the petitioner could not show that counsel's allegedly deficient performance prejudiced the defense as the evidence of his guilt "was substantial, if not overwhelming." Report and Recommendation, p. 9.

The magistrate judge determined the OCCA's decisions rejecting the petitioner's sufficiency of the evidence and prosecutorial claims also were neither contrary to nor an unreasonable application of clearly established federal law.  He found the evidence was sufficient to establish the elements of the charged offense and that the alleged prosecutorial misconduct did not result in a fundamentally unfair proceeding.

Finally, as the petitioner failed to establish a federal constitutional violation, he could not, the magistrate judge determined, show that he had been deprived of a fair trial by the cumulative effect of the alleged trial errors.  The OCCA's decision on the impact of the alleged trial errors should be upheld, the magistrate judge recommended, under the deferential AEDPA[2] standard.

The petitioner filed an objection to the Report and Recommendation, challenging the magistrate judge's findings and conclusions as to all four of his grounds for relief.

The court, having considered petitioner's objection and given his claims de novo review, agrees with Magistrate Judge Purcell's analysis and his conclusion that the petitioner is not entitled to habeas relief.  Accordingly, the court adopts the magistrate judge's Report and Recommendation and **DENIES** the habeas petition.

---

[2]*Antiterrorism and Effective Death Penalty Act of 1996.*

**IT IS SO ORDERED**.

Dated this 28th day of December, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE